18-1222-cv
*Calixto v. City of New York, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand nineteen.

PRESENT:  JOSÉ A. CABRANES,
          GERARD E. LYNCH,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

---

INES CALIXTO,

     *Plaintiff-Appellee,*        18-1222-cv

     v.

CITY OF NEW YORK, WILKIS CESPEDES, Individually,
RICHARD RODRIGUEZ, Individually, and FRANCISCO
DELASSANTOS, Individually,

     *Defendants-Appellants,*

JOHN DOES 1 THROUGH 5, Individually, (the name John Doe
Being ficticious, as the true names are presently unknown),

     *Defendants.*

---

**FOR DEFENDANTS-APPELLANTS:**      ELINA DRUKER (Richard Dearing and Claude S. Platton, *on the brief*), Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY

**FOR PLAINTIFF-APPELLEE:**      LISSA GREEN-STARK (Brett H. Klein, *on the brief*), Brett H. Klein, Esq., PLLC, New York, NY

Appeal from an April 12, 2018 order of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **REVERSED** and the cause is **REMANDED** with instructions for the District Court to enter judgment in favor of defendants on all claims.

Defendants-Appellants (jointly, "Defendants") appeal from an order of the District Court denying summary judgment on the issues of: (1) whether Defendant Officer Richard Rodriguez ("Rodriguez") is entitled to the defense of qualified immunity because a reasonable police officer could believe that at the time of the incident in question, Rodriguez's use of force against Appellee Ines Calixto ("Calixto") was reasonable, and (2) whether Defendants had arguable probable cause to arrest and are therefore entitled to qualified immunity on Calixto's false arrest claim as a matter of law. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* a district court's denial of summary judgment based on a defense of qualified immunity. *See Jones v. Parmley*, 465 F.3d 46, 56 (2d Cir. 2006). We limit our review to "circumstances where the qualified immunity defense may be established as a matter of law." *Cartier v. Lussier*, 955 F.2d 841, 844 (2d Cir. 1992).

I.      **Calixto's Excessive Force Claim**

"The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). Police officers frequently must make split-second judgments in potentially dangerous situations about the appropriate use of force. *See id.* at 396-97. In *Mullenix v. Luna*, the Supreme Court observed that when determining whether an officer's conduct violated clearly established law, the inquiry "must be undertaken in light of the specific context of the case." 136 S. Ct. 305, 308 (2015).

Under this precedent, Rodriguez is entitled to qualified immunity. In *Mullenix*, the Court noted that with respect to qualified immunity, the "relevant inquiry is whether existing precedent placed the conclusion that [the officer] acted unreasonably in these circumstances *beyond debate*." 136 S. Ct. at 309 (emphasis added) (internal citation and quotation marks omitted).[1]

As depicted in the surveillance footage, Rodriguez sprinted towards the doorway at a high speed, with no opportunity to ask Calixto to move. We agree with Appellants that an officer in Rodriguez's position would have reasonable concerns, such as a suspect escaping or potentially setting a trap for the police, and that Rodriguez's push of Calixto out of the way when she turned, raised a stick she was holding to eye level, and blocked his way as he rushed to the door, was a reasonable level of force in the specific circumstances presented. Regardless of whether, in hindsight, Calixto actually posed a substantial threat, or intended to impede the officer's progress, Rodriguez acted reasonably in pushing her and the stick away from his person. *See Mullenix*, 136 S. Ct. at 308-09 (rejecting the Fifth Circuit's formulation of the qualified immunity question as to the use of force where an individual "does not pose a sufficient threat of harm to the officer"). As stated by the Court in *Malley v. Briggs*, qualified immunity is available to all but an officer who, on an objective basis, is either "plainly incompetent" or "knowingly violates the law." 475 U.S. 335, 341 (1986). We conclude that Rodriguez's conduct, as portrayed on the video, suggests that neither of these considerations is present here. *See id.* (finding that even allegations of malice are not "sufficient to defeat immunity if the defendant acted in an objectively reasonable manner" and that immunity should be recognized where "officers of reasonable competence could disagree on this issue").

## II. Calixto's False Arrest Claim

Appellants also challenge the District Court's denial of summary judgment as to qualified immunity on Calixto's false arrest claim. An arresting officer is entitled to qualified immunity when the officer has "arguable probable cause" to make the arrest. *Garcia v. Does*, 779 F.3d 84, 92 (2d Cir. 2015). Arguable probable cause exists where it was reasonable for the officer to believe probable cause existed or reasonably competent officers could disagree as to whether probable cause existed. *Id.* In light of this standard, we agree with Appellants that the surveillance footage and Calixto's admissions in her deposition indicate that there is no dispute of any material facts as to whether the police officers had at least arguable probable cause. Rodriguez observed Calixto block his path, and he was present and communicating with the other officers when she was arrested minutes later. The evidence thus makes clear that the defendant officers all would have had a reasonable basis to

---

[1] Because we conclude that, given the circumstances presented, Rodriguez is entitled to qualified immunity under the Fourth Amendment, we need not address any of the arguments raised regarding the more stringent "shocks-the-conscience" standard under Fourteenth Amendment substantive due process.

believe probable cause existed. Accordingly, the officers are entitled as a matter of law to the defense of qualified immunity on this claim as well.[2]

## CONCLUSION

We have reviewed all of the remaining arguments raised by Appellee on appeal and find them to be without merit. For the foregoing reasons, we **REVERSE** the April 12, 2018 order of the District Court and **REMAND** with instructions for the District Court to enter judgment in favor of defendants on all claims.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] In light of our conclusion that no dispute of material fact remains concerning the existence of arguable probable cause, Calixto's related claims for failure to intervene and supervisory liability concerning the false arrest must necessarily also be dismissed.